# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-20687
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JULIO MARTINEZ-NARVAEZ, also known as Julio Narvaez Martinez, also known as Pedro Salazar, also known as Daniel Lopez Castillo

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-348-2

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Julio Martinez-Narvaez pleaded guilty to one count of conspiracy to commit fraud and related activity in connection with the transfer of five or more false identification documents, in violation of 18 U.S.C. §§ 371 and 1028; two counts of aiding and abetting fraud and related activity in connection with the transfer of false identification documents, in violation of 18 U.S.C.§§ 2 and 1028; and one count of illegally reentering the United States following deportation, in

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violation of 8 U.S.C. § 1326. The presentence report (PSR) grouped the single conspiracy count and the two aiding and abetting counts under the multiple-count provisions of U.S.S.G. §§ 3D1.1-3D1.4. The PSR separately grouped the illegal reentry count on the basis that it represented a distinct harm unrelated to the other offenses. The district court adopted the recommended groupings and sentenced Martinez-Narvaez to 33 months of imprisonment.

Martinez-Narvaez argues that his sentence was unreasonable because the district court erroneously applied the Guidelines. He particularly asserts that the district court erred by not grouping together all of the counts of conviction. He contends that the counts involve substantially the same harm because they have the same victim (i.e., society at large) and the societal interests harmed by the offenses are closely related. He argues that his sentence should be vacated and the case remanded for resentencing because he would have been subject to a lower guidelines range of imprisonment had the district court treated the counts as related and not as separate groups.

Section 3D1.1 of the Guidelines provides that when a defendant is convicted of more than one count, the district court should group closely related counts and then determine a combined offense level for all of the groups. Under U.S.S.G. § 3D1.2, closely related counts are those that involve "substantially the same harm." Counts involve "substantially the same harm" when, inter alia, they "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." § 3D1.2(b). For offenses in which there are no identifiable victims (e.g., drug or immigration offenses, where society at large is the victim), the "victim" is the societal interest that is harmed. § 3D1.2, comment. (n.2). In such cases, the counts are grouped together when the societal interests that are harmed are closely related. *Id.*

Martinez-Narvaez has failed to show that the societal interests harmed by the instant offenses of conviction are sufficiently related to require that they be

grouped under the Guidelines. The illegal reentry statute is designed to control immigration and protect national security by precluding the reentry of aliens with serious criminal records who may commit further offenses upon their illegal return to this country. Conversely, there is no inherent connection between the prohibition against false identification offenses and immigration matters. The prohibition against false identity documents can be violated by both United States citizens and aliens, and counterfeit documents can be used to establish a false identity for reasons unrelated to immigration. Although an overlap may occur where an alien illegally reenters the United States through the use of a counterfeit immigration document that was produced in violation of § 1028, such an overlap is not present in the instant case: Martinez-Narvaez was trafficking in false identity documents that he manufactured and sold to other persons, i.e., the documents had no nexus to his own illegal reentry. Thus, Martinez-Narvaez has not shown that the district court erred in treating the counts of his conviction as separate groups for sentencing purposes. *See* § 3D1.2.

Martinez-Narvarez also argues that his sentence was unreasonable because the district court relied on facts to which he did not admit and which were not proven to a jury beyond a reasonable doubt. In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that any fact (other than a prior conviction) that is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. The district court did not violate *Apprendi* because the 33-month sentence imposed in the instant case did not exceed any applicable statutory maximum. *See* § 371; § 1326(b)(1); § 1028(b)(1).

AFFIRMED.